# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

**MERINDA WILSON,** *Individually, and on behalf of herself and all other similarly situated current and former employees*,

Plaintiff,

v.

**RIVER WAFFLES, LLC** *d/b/a* **Waffle House,**
*a Georgia Limited Liability Company,*

Defendant.

CASE NO. _____

FLSA Opt-in Collective Action

**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff, Merinda Wilson, individually, ("Plaintiff"), on behalf of herself and other similarly situated current and former tipped employees (servers) of Defendant, brings this collective action against River Waffles, LLC *d/b/a* Waffle House ("Defendant") and, alleges as follows:

### I.  INTRODUCTION

This lawsuit is brought against Defendant as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid minimum wages and overtime compensation and other damages owed to Plaintiff and other similarly situated current and former tipped employees (servers) of Defendant, who are members of a class as defined herein.

## II.  JURISDICTION AND VENUE

1. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiff was employed by Defendant, Defendant's principal place of business is in this district, Defendant regularly conducts and continues to conduct business in this district and has engaged and continues to engage in wrongful conduct alleged herein in this district during all times material to this action.

## III.  CLASS DESCRIPTION

3. Plaintiff brings this action on behalf of herself and the following similarly situated persons: All current and former hourly-paid tipped employees (servers)who have been employed by and worked as servers at any of Defendant's Waffle House restaurants at any time during the applicable statutory limitations' period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations and, three years for willful FLSA violations) up to and including the date of final judgment in this matter, and who is the Named Plaintiff or elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").[1]

## IV.  PARTIES

4. Defendant River Waffles, LLC, is a Georgia Limited Liability Company with its principal offices located at 1682 Shelby Oaks Dr N Ste 11, Memphis, Shelby County, Tennessee. River Waffles is

---

[1] Plaintiff reserves the right to modify or amend the Class Description upon newly discovered information gathered through the discovery process.

a franchisee of Waffle House restaurants. River Waffles owns and operates Waffle House restaurants in Tennessee, Mississippi, Arkansas, and throughout the Southeastern United States. According to the Tennessee Secretary of State, Defendant may be served via its Registered Agent, Roger Turner, at 1682 North Shelby Oaks Drive Suite 11, Memphis, Shelby County, Tennessee 38134.

5. Plaintiff Merinda Wilson has been employed by Defendant as a server during the applicable statutory limitations' period of this collective action. Plaintiff Wilson's Consent to Join this collective action as a Named Representative Plaintiff is attached hereto as *Exhibit A*.

## V. ALLEGATIONS

6. Defendant has employed hourly-paid tipped servers at its Waffle House restaurants, including Plaintiff and those similarly situated, during all times material to this action.

7. Specifically, Plaintiff has been employed by Defendant as a tipped employee and has worked as a server at three (3) of Defendant's Waffle House restaurants during all times material to this action.

8. Plaintiff typically worked between forty (40) to fifty (50) hours per work week.

9. During all times material, Defendant compensated Plaintiff and other similarly situated servers under a tip-credit compensation plan, supposedly consisting of paying such servers only a sub-minimum wage hourly rate of pay and then crediting tips received by such servers during their shifts which, when added to the sub-minimum wage pay, would amount to at least the FLSA required hourly rate of pay of at least $7.25.

10. However, Defendant failed to comply and adhere to this plan and, instead, had a common practice of failing to compensate Plaintiff and class members the difference between their sub-minimum wages and $7.25 per hour, as required by the FLSA.

11. Plaintiff and putative class members entered the amount of tips they earned each shift into an electronic clock that was also used to track compensable time.

12. However, there were numerous shifts within weekly pay periods of the applicable statutory limitations' period in which Plaintiff and similarly situated servers earned far less than the difference between the sub-minimum wage pay they received, the tips they earned, and the FLSA required hourly rate of pay of at least $7.25 per hour. That is to say, they earned less than the required minimum wage of $7.25 per hour and any applicable overtime compensation within such weekly pay periods, as required by the FLSA.

13. In addition, Plaintiff and putative class members had tips they earned on to-go orders withheld from them by members of Defendant's management.

14. As a result, not only did Plaintiff and similarly situated servers frequently earn far less than the FLSA required $7.25 hourly rate of pay, they were obliged to pay taxes on tips they did not receive.

15. The U.S. Department of Labor's Fact Sheet #15 provides "the maximum tip credit that an employer can currently claim under the FLSA is $5.12 per hour (the minimum wage of $7.25 minus the minimum required cash wage of $2.13).

16. According to the regulation promulgated by the U.S. Department of Labor, "tips are the property of the employee whether or not the employer has taken a tip credit under section (3) of the FLSA." 29 C.F.R. § 531.52.

17. Defendant has and continues to employ Plaintiff and putative class members who are classified as "tipped employees" but who routinely perform non-tipped tasks and, thereby, are deprived of the opportunity to earn tips during much of their shifts.

18. Plaintiff and putative class members routinely spend hours per shift performing "dual occupation" and/or tangentially tip producing work including, but not limited to: washing dishes, making teas and lemonade, stocking butters and creams, taking out trash, cleaning freezers, cleaning bathrooms, making dish soaps, and cooking, among other tasks.

19. In addition, Plaintiff and putative class members spend more than twenty (20) percent of their work time performing non-tip producing preparation and maintenance side work even when assigned customers.

20. In addition, Plaintiff and class members performed job duties in excess of forty (40) hours per week within weekly pay periods during all times material.

21. However, Defendant had a common plan and practice of failing to compensate Plaintiff and class members the applicable FLSA overtime rate of pay for all hours over forty (40) per week and, accordingly, failed to compensate Plaintiff and class members for the hours they performed work in excess of forty (40) per week at one and one-half times their regular rates of pay within weekly pay periods at all times material to the Collective Action.

22. Defendant additionally had a common plan, policy and practice of withholding and thereby reducing the wages of Plaintiff and class members by deducting a certain amount of money from their pay for the cost of company food, whether such food was consumed or not by those adversely impacted -- all of which caused them to receive even far less than at least at the applicable FLSA minimum wage rate of pay as well as at least the applicable FLSA overtime compensation rate of pay for hours over forty (40) within weekly pay periods on the days they chose not to consume the food.

23. Defendant, therefore, is liable to Plaintiff and class members for such deductions within applicable weekly pay periods in which times they did not consume such company food, the cost of which was deducted from their compensation.

24. At all times material to this action, Plaintiff and similarly situated servers have been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA and worked for Defendant within the territory of the United States within three (3) years preceding the filing of this lawsuit.

25. Plaintiff and similarly situated servers are current or former employees of Defendant.

26. At all times material to this action, Defendant has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00 and, their tipped employees, including Plaintiff and class members, likewise have engaged in interstate commerce during all relevant times.

27. At all times material to this action, Defendant has been an "employer" as defined by the FLSA.

28. As a result, Plaintiff and class members are entitled to at least the applicable FLSA minimum wage rate of pay and any applicable overtime rate of pay.

29. The net effect of Defendant's aforementioned plans, policies and practices was to save payroll costs and payroll taxes. As a consequence, Defendant has violated the FLSA and, thereby enjoyed ill-gained profits at the expense of their tipped servers, including Plaintiff and similarly situated servers.

30. Although at this stage Plaintiff is unable to state the exact amount owed to her and class members, she believes such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may

establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

## VI. **FLSA COLLECTIVE ALLEGATIONS**

31. Plaintiff brings this action on behalf of herself and the class as a collective action pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b).

32. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

33. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiff at this time and, can only be ascertained through applicable discovery, she believes there are hundreds of individuals in the putative class.

34. The claims of Plaintiff are typical of the claims of the class. Plaintiff and other members of the class who work or have worked for Defendant's Waffle House restaurants were subjected to the same operational, compensation and timekeeping policies and practices of Defendant, without being paid fully for all their aforementioned wage claims at the applicable FLSA minimum wage and overtime compensation rates of pay.

35. As a result, such aforementioned unpaid wage claims of Plaintiff and class members are unified through common theories of Defendant's FLSA statutory violations.

36. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiff and other members of the class were expected and/or required to perform work without being paid full compensation;

- Whether Defendant failed to pay Plaintiff and the other members of the class the applicable FLSA minimum wage and overtime rates of pay for all work performed;

- The correct statutes of limitations for the claims of Plaintiff and other members of the class;

- Whether Plaintiff and other members of the class are entitled to damages from Defendant, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendant is liable for interest, attorneys' interest, fees, and costs to Plaintiff and the class.

37. Plaintiff will fairly and adequately protect the interests of the class as her interests are aligned with those of the other members of the class. Plaintiff has no interests adverse to the class and, she has retained competent legal counsel who are experienced in collective action litigation.

38. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

39. Plaintiff and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented by Defendant.

### COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* -- FAILURE TO PAY MINIMUM WAGE

44. Plaintiff hereby incorporates all of the preceding paragraphs.

45. At all relevant times, Plaintiff and the putative class were employees entitled to the FLSA's protections.

46. Defendant is an employer covered by the FLSA.

47. The FLSA entitles employees to minimum hourly compensation of at least $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and $10.875 for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

48. Defendant's company-wide policy and practice of requiring Plaintiff and other servers to perform work without receiving all earned and due wages, resulted in a failure to satisfy its minimum wage obligations to Plaintiff and the putative class. As such, Defendant violated the FLSA by failing to pay Plaintiff and other servers the minimum wage.

49. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions and, without a good faith basis for such failure.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, *et seq.* – FAILURE TO PAY OVERTIME

50. Plaintiff hereby incorporates all preceding paragraphs.

51. At all relevant times, Plaintiff and other servers were employees entitled to the FLSA's protections.

52. Defendant is an employer covered by the FLSA.

53. The FLSA entitles employees to a minimum hourly compensation of $7.25 for hours worked under forty (40) in a week, *see* 29 U.S.C. § 206(b), and $10.875 for hours worked over forty (40) in a week, *see id.* at § 207(a)(1).

54. At all relevant times, Defendant had a policy and practice of willfully refusing to pay Plaintiff and class members the legally required amount of overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA.

55. As a result of Defendant's willful failure to compensate Plaintiff and putative class members

at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant has violated and continues to violate the FLSA, 29 U.S.C. § 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1), 215(a), and 29 C.F.R. §§ 778.104.

56. Defendant's conduct as alleged herein constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

57. Defendant did not have a good faith basis for its failure to pay Plaintiff and class members the applicable FLSA overtime compensation for all hours worked over forty (40) per week within weekly pay periods at all time material.

58. Due to Defendant's violations, Plaintiff and the putative class are entitled to recover from Defendant their unpaid wages for the legally required amount of overtime compensation for all the hours worked by them in excess of forty (40) in a workweek, actual and liquidated damages, including the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Whereas, Plaintiff, individually, and on behalf of herself and all other similarly situated members of the class, request this Court to grant the following relief against Defendant:

A. Designation of this cause as a collective action on behalf of the class and promptly issue notice pursuant to 29 U.S.C. § 216(b), apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims in this action by filing individual Consents under 29 U.S.C. § 216(b);

B.	An award of compensation for unpaid minimum wages and overtime compensation to Plaintiff and other members of the class at the applicable and respective FLSA minimum wage and overtime rates of pay;

C.	An award of liquidated damages to Plaintiff and other members of the class;

D.	An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiff and other members of the class;

E.	An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff and other members of the class;

F.	A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action, and;

G.	Such other general and specific relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated: February 28, 2020.	Respectfully Submitted,

*/s/ Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
B. Alan Matthews (TN BPR #37828)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel: (901) 754-8001
Fax: (901) 759-1745
gjackson@jsyc.com
rbryant@jsyc.com
rturner@jsyc.com
rmorelli@jsyc.com
amatthews@jsyc.com

*Attorneys for the Named Plaintiff, on behalf of herself and all other similarly situated current and former employees*